UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pamela Steward, *et al.*,   Case No. 3:18-cv-2905

      Plaintiffs,

v.   MEMORANDUM OPINION
AND ORDER

Roppe Corporation, *et al.*,

      Defendants.

      On March 6, 2020, Defendant Roppe Corporation inadvertently produced documents protected by attorney-client privilege. Plaintiffs' counsel realized this when reviewing the documents and notified Roppe's counsel via email on June 3, 2020. (Doc. No. 102-7). But Roppe's counsel did not respond to Plaintiffs' email. It was not until March 11, 2021 that Roppe's counsel realized the inadvertent disclosure and requested Plaintiffs' counsel return or destroy those documents. (Doc. No. 102-8). Plaintiffs' counsel refused, arguing Roppe had waived its privilege by failing to take reasonable steps to (1) prevent disclosure and (2) rectify the error, as required by Rule 502(b) of the Federal Rules of Evidence. (Doc. No. 102-9).

      Roppe now formally moves for an order requiring Plaintiffs to return or destroy inadvertently produced privileged documents. (Doc. No. 98). Plaintiffs filed an opposition brief, (Doc. No. 102), and Roppe filed a reply. (Doc. No. 103).

      Roppe alleges the documents must be returned or destroyed pursuant to the terms of the ESI Stipulation, which states, "The Parties agree that FRCP 26 (b)(5)(B) shall govern any inadvertent disclosure or production of any privileged or protected material." (Doc. No. 40 at 6). Plaintiffs do

not dispute that the ESI Stipulation and, in turn, Rule 26(b)(5)(B) governs this dispute. But Plaintiffs argue that because Rule 26(b)(5)(B) does not address the issue of waiver, Rule 26(b)(5)(B) must be read in conjunction with Rule 502(b) and "the default provisions of Rule 502 apply." (Doc. No. 102 at 6). That is not the case.

While it is true that Rule 26(b)(5)(B) does not address the issue of waiver, I have. As I expressly stated in the Amended Case Management Order, "Pursuant to Evidence Rule 502(d), an inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or state proceeding." (Doc. No. 24 at 2).

Because there is no dispute that the documents at issue would be protected by attorney-client privilege in the absence of waiver, and because I have ordered that inadvertent disclosure shall not constitute waiver, Plaintiffs' counsel "must promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B). Roppe's motion is granted. (Doc. No. 98).

So Ordered.

                                                        s/ Jeffrey J. Helmick
                                                        United States District Judge