UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pamela Steward, *et al.*,                                          Case No. 3:18-cv-2905

          Plaintiffs,

     v.                                                                    ORDER

Roppe Corporation, *et al.*,

          Defendants.


## I.     INTRODUCTION

As directed by my Order, the parties have filed a joint status report on the state of discovery.

In this report, they notified me of disputes over document discovery and depositions.  For each of

these disputes, the parties articulated their individual positions and cited relevant authority in

support.  Although Plaintiffs proposed a hearing to resolve these disputes, I find the parties written

submission sufficient to inform my determination about these disputes.  Therefore, the request for a

hearing is denied, and the parties shall proceed with discovery in accordance with my rulings below.

## II.     DISCUSSION

**A.**    **Document Discovery**

The document discovery dispute involves one email and document attachment.  The email

was sent by Defendant Seneca Re-Ad Industries, Inc.'s attorney Stephen Postalakis to Defendant

Seneca County Board of Developmental Disabilities ("SCBDD") employee Rodney Biggert.  Seneca

Re-Ad produced a redacted version of the email and attachment, but objects to producing the

unredacted version on grounds of attorney work product.  Specifically, Seneca Re-Ad asserts the

redacted portions of the email are opinion attorney work product that need never be produced unlike fact attorney work product, which may be produced under limited circumstances.  (Doc. No. 120 at 3-4).

Plaintiffs first allege Seneca Re-Ad waived the work product objection by making only a general objection in a February 2021 email rather than specifically addressing the issue in its motion for a protective order that I ruled upon recently.  Acknowledging that I denied the motion without prejudice, Plaintiffs maintain that Seneca Re-Ad should not be given a "second bite of the apple." Plaintiffs do not allege the work product privilege was waived by disclosure to non-client Biggert, so I consider that argument waived and did not investigate further.

Seneca Re-Ad provided the unredacted email and attachment for *in-camera* review.  The unredacted documents show the redacted portions of text are Postalakis's opinions as to whether the Plaintiffs could try to operate each machine.  Because Postalakis does not purport to be an expert and does not state his opinions are based on the opinion of an expert, I agree the redacted portions are opinion work product, not fact.  Therefore, the unredacted documents need not be produced.

As an aside, even if these portions were not clearly opinion work product, they would not be discoverable because they were prepared in anticipation of litigation and Plaintiffs may get the same information from their own expert.  Further, whether Plaintiffs can operate any given machine has nothing to do with the discovery Plaintiffs purport to seek – "information about who made decisions about their work assignments and how those decisions were made."  (Doc. No. 120 at 6).

**B.**     **Depositions**

Both Plaintiffs and Defendants seek to take additional depositions to which the opposing

party objects.

**1.**     **Depositions sought by Defendants**

Defendants seek to take a second deposition of each of the Plaintiffs and also seek to depose

Plaintiff Mark Felton's mother.  Plaintiffs do not formally object to Mrs. Felton's deposition but do

"note … that Mr. Felton's mother is a non-party who may b[e] entitled to protections under Rule 45

and Rule 26(c)."  (Doc. No. 120 at 8).  Plaintiffs do object to reopening their depositions.

Defendants seek to depose Plaintiffs on the following topics:

> (1) if each plaintiff is claiming any acts of discrimination against Seneca Re-Ad that
> have occurred since their first deposition that will be alleged at trial of the pending
> lawsuit,
> (2) what, if any, damages each plaintiff claims he/she has sustained since their first
> deposition, and
> (3) what, if any, efforts each plaintiff has made to mitigate his/her damages since the
> first deposition.

(Doc. No. 120 at 25).  Plaintiffs allege that, to the extent these topics have not yet been covered,

they can be answered in writing.

Plaintiffs are indeed correct that these questions may be answered in writing.  Defendants

may seek answers to those questions in writing, and depositions may only be appropriate if a written

response triggers the need.  At this point, that is not the case.  If Defendants have previously asked

the damages-related questions in writing, Plaintiffs are certainly reminded of their duty to update any

responses.  If not, Defendants may propound written discovery on these limited issues.

**2.**     **Depositions sought by Plaintiffs**

Plaintiffs have already taken their ten depositions allotted by Rule 30(a)(2) but seek to take

seven more depositions.  Defendants do not object to three of these proposed depositions but do

object, at least in part, to the other four.

i.      **"Individual Capacity" Depositions of Biggert, Hurst, and Cooper**

Plaintiffs deposed Rodney Biggert, Lewis Hurst, and Brian Cooper as Rule 30(b)(6) designees of Defendants SCBDD, Seneca Re-Ad, and Roppe, respectively. Plaintiffs now seek to depose each again in his "individual capacity." Plaintiffs assert they are entitled to take these depositions as a matter of right and that leave of court is not required. Defendants object to these depositions and argue leave is required because: (1) these would be "second depositions" under Rule 30(a)(2)(A)(ii); and (2) the additional depositions would exceed the ten-deposition limit under Rule 30(a)(2)(A)(i).

While it is true these "deponent[s] ha[ve] already been deposed in the case," Fed. R. Civ. P. 30(a)(2)(A)(ii), courts have long held "[t]he deposition of a percipient witness who is an officer, director, or managing agent of an entity is not necessarily duplicative of a Rule 30(b)(6) deposition and, thus, does not require leave of court as a second deposition of the same witness." 7 Moore's Federal Practice, § 30.05[1][c] at 30-36. This is because "[t]he deposition of an individual and the deposition of the same person as a representative of the organization are two distinct matters and can be utilized as distinct forms of evidence." *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018) (citing *Taylor v. Shaw*, No. 2:04-01668-LDG-LRL, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007)); *see also United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C 1996) (citing cases) ("The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's 'position' on the topic."). Therefore, the "individual capacity" depositions are not "second depositions" requiring leave of court under Rule 30(a)(2)(A)(ii).

Still, leave of court is required under Rule 30(a)(2)(A)(i) because Plaintiffs have already taken their ten allotted depositions. Plaintiffs argue this Rule should not apply because Defendants do not state the same objection to all of the additional depositions sought. But by stipulating to one (or three) additional depositions, Defendants did not waive objection to *all* additional depositions.

4

Instead, pursuant to the Rule, Plaintiffs must obtain leave to take any deposition to which "the parties have not stipulated" that "would result in more than 10 depositions being taken."  Fed. R. Civ. P. 30(a)(2)(A)(i).

Leave must be granted "to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2)(A)(i).  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  But Rule 26(b)(2)(C) commands the that the court must limit the extent of discovery if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2).  *See also Visteon Corp v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, Civil No. 07-12250, 2008 WL 251985, at *1 (E.D. Mich. Jan. 30, 2008) ("Rule 26(b)(2) directs the Court to consider such factors as the burdensomeness and expense of the discovery compared to its likely benefit, whether the party has had ample opportunity to obtain the information sought, and whether the discovery sought is unreasonably cumulative or duplicative.").

"Because th[e] limit is intended to curb abusive discovery practices, … a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary."  *Moore v. Abbott Laboratories*, No. 2:05-cv-1065, 2009 WL 73876, at *1

(S.D. Ohio Jan. 8, 2009).  To satisfy this burden, the movant must make a "particularized showing" of need to demonstrate "good cause" for exceeding the limit; general assertions are insufficient.  *Id.*

As a practical matter, district courts have held that this showing must be made not only for the proposed additional depositions, but also those it has already taken.  *See, e.g., Radiant Global Logistics, Inc. v. BTX Air Express of Detroit, LLC*, No. 18-12783, 2020 WL 1933818, at *2 (E.D. Mich. Apr. 22, 2020).  This is because "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate."  *Barrow v. Greenville Independent School District*, 202 F.R.D. 480, 483 (N.D. Tex. 2001).

Plaintiffs argue "[g]ranting leave to exceed ten total depositions is appropriate under Rule 30(a)(2)(A)(i) because the additional depositions will be based, in substantial part, on [300,000 pages of] documents that were produced *after* their Rule 30(b)(6) testimony."  (Doc. No. 120 at 12).  But Plaintiffs do not state why "good cause" exists to depose Biggert, Hurst, and Cooper in their "*individual capacity*" about the new documents or any other matters other than to cite their "deep personal knowledge of the facts in this case."  (Doc. No. 120 at 10).  This generalized assertion falls far short of the requisite "particularized showing."  Therefore, Plaintiffs' request to take these "individual capacity" depositions is denied without prejudice.

Should Plaintiffs wish to renew their request to take these as "individual capacity" depositions, they must show why "good cause" exists as to each.  In doing so, Plaintiffs must show why they require the proposed deponents' personal opinions about these documents rather than the position of the corporation.  To the extent that Plaintiffs seek inquiry on topics beyond the scope of the documents, they must make the same showing of need for the proposed deponents' personal opinions about those topics.  Finally, because the proposed deponents' "deep personal knowledge of

the facts in this case" was known from the early stages of discovery, if Plaintiffs seek to inquire about information available before they had exhausted their ten depositions as a matter of right, they must address why "good cause" exists to take inquire about these topics now but did not previously.[1]

If Plaintiffs do not seek to pursue the "individual capacity" depositions, they may, of course, seek to reopen the Rule 30(b)(6) depositions to inquire about the documents produced after the first Rule 30(b)(6) depositions. As stated in the joint status report, SCBDD would stipulate to such a deposition and produce a Rule 30(b)(6) witness if certain conditions are met. (Doc. No. 120 at 18-19). Without such a stipulation, leave of court would be required to conduct these depositions.

## ii.     Mark Baker

In its motion for summary judgment, which I previously deemed premature, Defendant Roppe Corporation introduced as an Exhibit an affidavit by Mark Baker. (*See* Doc. Nos. 83 & 83-1; Doc. No. 112 (denying Roppe's motion for summary judgment as premature)). Only after that affidavit was filed did Plaintiffs seek to depose Baker. Plaintiffs claim the reason for the delay was Roppe's failure to identify Baker as an individual with knowledge of the case. (Doc. No. 120 at 10, n.5). But Roppe did identify Baker as an individual with "knowledge of [Roppe's] accounting and financial information that is being produced" in its August 2019 interrogatory responses. (Doc. No. 83-9 at 8). Baker even assisted in answering those interrogatories as an authorized representative of Roppe. (*Id.* at 16 & 18).

In any case, Roppe does not object to Baker's deposition in whole, but alleges the scope of the deposition should be limited to the topics discussed in the affidavit. Plaintiffs admit those topics are likely to be the focus of the questioning but object to the formal limitation.

---

[1] I note that, after the additional documents were produced, Plaintiffs still possessed the ability to take one deposition as a matter of right but chose not to depose Biggert, Hurst, or Cooper in his "individual capacity."

Like the depositions of Biggert, Hurst, and Cooper, Baker's "deposition would result in more than 10 depositions being taken … by the plaintiffs."  Fed. R. Civ. P. 30(a)(2)(A)(i). Therefore, to the extent that Roppe does not stipulate to this deposition, Plaintiffs must seek leave. Because Plaintiffs make no "particularized showing" of "good cause" to exceed the scope stipulated by Roppe, Plaintiffs may not "explore the full range of [Baker's] knowledge whether it was addressed in his affidavit, or not."  (Doc. No. 120 at 10, n.5).

### III.  CONCLUSION

For the forgoing reasons, Defendants need not produce the unredacted email and document attachment.  Defendants may take the deposition of Mrs. Felton but may not take a second deposition of Plaintiffs unless a written response triggers the need.  Plaintiffs may not take the "individual capacity" depositions of Biggert, Hurst, or Cooper.  Should Plaintiffs seek to take the deposition of Baker, the scope of inquiry must be limited to that stipulated by Roppe.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge