UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pamela Steward, *et al.*,  Case No. 3:18-cv-2905

        Plaintiffs,

   v.  MEMORANDUM OPINION
      AND ORDER

Roppe Corporation, *et al.*,

        Defendants.

## I. INTRODUCTION

Plaintiffs Pamela Steward, Ralph "Joe" Magers, and Mark Felton seek leave to depose Rodney Biggert, Lewis Hurst, and Brian Cooper in their individual capacities.[1] (Doc. No. 124). Each of the Defendants have opposed Plaintiffs' motion. (Doc. Nos. 125, 128, and 130). Plaintiffs filed briefs in reply to each opposition brief. (Doc. Nos. 127, 129, and 131). Plaintiffs also filed a motion to refer their motion for leave to a United States Magistrate Judge. (Doc. No. 134). The Defendants opposed this motion as well. (Doc. Nos. 135, 136, and 137). Plaintiffs subsequently filed a motion for a status conference. For the reasons stated below, I grant Plaintiffs' motion to depose Biggert, Hurst, and Cooper in their individual capacities and deny as moot their other motions.

---

[1] These three individuals were designated as Defendants' Rule 30(b)(6) deponents. I previously ruled the "individual capacity" depositions of these witnesses "are not 'second depositions' requiring leave of court under Rule 30(a)(2)(A)(ii)." (Doc. No. 122 at 4).

## II. DISCUSSION

Plaintiffs seek leave to depose Biggert, Hurst, and Cooper because Plaintiffs have already taken the ten depositions permitted by Rule 30. (Doc. No. 124 at 1-2). I previously denied Plaintiffs' motion for leave without prejudice because Plaintiffs had not made the "requisite particularized showing" required under Rule 30. (Doc. No. 122 at 6) (internal quotation marks omitted).

"Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Rolscreen Co. v. Pella Prod. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992) (quoting *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980)). Rule 30(a) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and[] the deposition would result in more than 10 depositions begin taken under this rule." Fed. R. Civ. P. 30(a)(2)(A). As I previously stated:

> "Because th[e] limit is intended to curb abusive discovery practices, … a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Moore v. Abbott Laboratories*, No. 2:05-cv-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009). To satisfy this burden, the movant must make a "particularized showing" of need to demonstrate "good cause" for exceeding the limit; general assertions are insufficient. *Id.*

(Doc. No. 122 at 5-6).

Further, I instructed Plaintiffs they could renew their request to depose Biggert, Hurst, and Cooper with a demonstration of "'good cause'" as to each proposed witness, including why Plaintiffs sought information from the witnesses in their personal capacities rather than as a representative of their employer and why Plaintiffs did not previously inquire "about information available before they had exhausted their ten depositions as a matter of right." (*Id.* at 6-7).

2

I conclude Plaintiffs have established there is good cause to conduct these three additional depositions in excess of Rule 30(a)(2)'s ten deposition limitation.

Plaintiffs represent they need to depose Biggert, Hurst, and Cooper in their individual capacities because Defendants "produced 326,916 pages of documents *after* Biggert, Hurst, and Cooper testified as Defendants' [Rule] 30(b)(6) designees" and Plaintiffs have not had an opportunity to question those witnesses about their statements contained in those documents. (Doc. No. 124 at 2) (emphasis in original).

While the Defendants argue Plaintiffs' renewed motion covers no new ground beyond what I previously concluded was insufficient to justify the additional depositions, Plaintiffs also submitted information to my chambers for *in camera* review, discussing the issues they intended to cover and the relevance of specific documents to those issues and the case overall.  This information is consistent with my earlier order, and I appreciate Plaintiffs' counsel's diligence in thoroughly describing this material.

I conclude Plaintiffs' submission demonstrates there is good cause to depose Biggert, Hurst, and Cooper concerning their personal knowledge of information contained in the substantial discovery produced in this case.  *See Scott v. City of Sioux City, Iowa*, 298 F.R.D. 400, 402 (N.D. Iowa 2014) (granting plaintiff's motion to take more than the ten depositions permitted by Rule 30 because plaintiff "demonstrated that each proposed deponent is likely to possess relevant information and that, for the most part, depositions represent the only feasible method for [plaintiff] to obtain that information").

### III.   CONCLUSION

For the reasons stated above, I grant Plaintiffs' motion for leave to depose Biggert, Lewis, and Cooper in their individual capacities. (Doc. No. 124).  Further, I deny as moot their motion to refer the motion for leave, (Doc. No. 134), and their motion for a status conference.  (Doc. No.

3

141). The parties shall file a joint status report providing an update on the status of discovery within 60 days of the date of this Order.

    So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge