UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pamela Steward, *et al.*,

Plaintiffs,

v.

Roppe Corporation, *et al.*,

Defendants.

Case No. 3:18-cv-2905

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Plaintiffs Pamela Steward, Ralph Magers, and Mark Felton move for reconsideration of my October 20, 2025 decision granting Defendant Roppe Corporation's motion for summary judgment and dismissing Roppe as a party in this litigation. (Doc. No. 165). Plaintiffs also move, in the alternative, for certification of my October 20, 2025 judgment pursuant to Federal Rule of Civil Procedure 54(b) so that they may file an immediate appeal. (*Id.*). Roppe opposes the motion, (Doc. No. 166), and Plaintiffs filed a brief in reply. (Doc. No. 167). For the reasons stated below, I grant Plaintiffs' motion in part and deny it in part.

## II. BACKGROUND

Steward, Magers, and Felton are individuals with disabilities. Defendant Seneca Re-Ad Industries, Inc. ("Seneca Re-Ad") employs them in various positions within a manufacturing workshop inside Roppe's commercial flooring products manufacturing facility in Fostoria, Ohio. Seneca Re-Ad employees produce flooring samples that are then sold to Roppe. (*See* Doc. No. 84-1 at 19-22).

Plaintiffs allege Roppe and Seneca Re-Ad violated Title I of the Americans with Disabilities Act and Ohio Revised Code § 4112.02(A) by discriminating against them with regard to training, promotional opportunities, and compensation, as well as by failing to individually assess Plaintiffs' work capabilities or provide them with reasonable accommodations. (Doc. No. 116). Roppe moved for summary judgment, arguing it was not Plaintiffs' direct employer and that the "single-employer" and "joint-employer" theories of liability do not apply in this case. (Doc. No. 151). I agreed and granted Roppe's motion on October 20, 2025. (Doc. No. 162). Plaintiffs contend my decision was based upon manifest errors of law and that Roppe's motion should be reconsidered and denied. (Doc. No. 165). As I noted above, they alternatively seek certification of an immediate appeal.

## III. Discussion

### A. Motion for Reconsideration

Plaintiffs argue I should reconsider my summary judgment decision because I "misapplied single integrated enterprise and joint employer law . . . [and] either ignored the substantial evidence in the record of Roppe's control over Seneca Re-Ad or treated the facts regarding that control as giving rise to Roppe's preferred inferences." (Doc. No. 165 at 3).

Rule 54(b) provides that any order or decision, other than a "final judgment" entered as described in the text of the Rule, "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[1] "The major grounds justifying reconsideration

[1] Though Plaintiffs moved for reconsideration pursuant to Rule 59(e), Rule 54(b) applies because I have not yet entered final judgment as to all claims and parties. *See, e.g., Thompson v. Hensley*, Case No. 1:23-cv-1656, 2026 WL 607523, at *2 (N.D. Ohio March 4, 2026) (citing cases). But the standards for evaluating motions under those Rules are nearly identical and, therefore, I will treat Plaintiffs' motion as though they brought it pursuant to Rule 54(b).

of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) (further citation omitted). *See also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)).

**1. Single Employer**

Plaintiffs first argue I misconstrued caselaw relevant to the single-employer theory of liability and performed an "improperly narrow" analysis. (Doc. No. 165 at 5).

"[T]he single employer analysis involves examining various factors to determine if two nominally independent entities are so interrelated that they actually constitute a single integrated enterprise." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 n.4 (6th Cir. 1997). The Sixth Circuit has held that:

> In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.

*Id.* at 993-94 (citing *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir. 1982)).

It is true, as Plaintiffs point out, (*see* Doc. No. 165 at 5), that the Sixth Circuit has held that "'[n]one of these factors is conclusive, and all four need not be met in every case.'" *Nat'l Lab. Rels. Bd. v. Bannum Place of Saginaw, LLC*, 97 F.4th 351, 359 (6th Cir. 2024) (quoting *Swallows*, 128 F.3d at 994). But this statement of law does not support Plaintiffs' contention that those four factors therefore are not "exhaustive or required." (Doc. No. 165 at 6 n.2).

In *Swallows*, the plaintiffs sued Tennessee Technological University ("TTU") and Barnes & Noble Book Stores, Inc. Barnes & Noble operated and managed a bookstore located on TTU's

campus – a bookstore TTU previously operated on its own. *Swallows*, 128 F.3d at 991. The Sixth Circuit held none of the four factors weighed in favor of a single employer finding and affirmed the district court's summary judgment decision. *Swallows*, 128 F.3d at 994-96.

Notably, after concluding the plaintiffs failed to identify a reasonably disputed material fact as to any of the four factors, the Sixth Circuit did not go on to consider whether any of the following facts, either on their own or taken together, could support the plaintiffs' single employer theory: (1) "TTU owned the building housing the bookstore, as well as the equipment used by Barnes & Noble"; (2) Barnes & Noble was "required to sell . . . books requested by the TTU faculty"; (3) "TTU reserved the right to remove any product from the bookstore which it found to be objectionable"; (4) Barnes & Noble was required to use the bookstore's preexisting name and could not "change the name without written approval from TTU"; (5) TTU provided "external security, custodial services and snow removal for the building"; and, (6) TTU gave Barnes & Noble "access to University bulletin boards." *Id.* at 991-92.

Even if Plaintiffs' contention that "the four factors . . . are not exhaustive" was an accurate statement of the law,[2] they fail to explain what differentiates this case from the *Swallows* court's implicit but necessary conclusion that the other evidence of TTU's and Barnes & Noble's "entanglements," (*see* Doc. No. 165 at 6), was not relevant to the single-employer inquiry outside of the four-factor rubric. In other words, once the Sixth Circuit concluded the plaintiffs had not met their burden to point to specific facts showing there was a genuine issue for trial on any of the four

[2] As I noted previously, the Sixth Circuit has held "[n]one of these factors is *conclusive*." *Bannum Place*, 97 F.4th at 359 (emphasis added). There is a substantial difference between "conclusive" and "exhaustive." *Cf.* https://www.dictionary.com/browse/conclusive (defining "conclusive" as "serving to settle or decide a question; decisive; convincing") *with* https://www.dictionary.com/browse/exhaustive (defining "exhaustive" as "exhausting a subject, topic, etc.; comprehensive; thorough) (last accessed April 13, 2026). None of the cases Plaintiffs cite hold that the four factors are "non-exhaustive."

factors, its single employer analysis ended. I conclude Plaintiffs have not shown I applied the governing law incorrectly and, therefore, they are not entitled to relief on this basis.

Plaintiffs next argue that I "misapplied" the four factors identified in *Swallows* and other cases, failed to consider evidence they believe shows that Roppe determines the essential terms of employment for Seneca Re-Ad employees, and failed to draw appropriate inferences in their favor from the facts in the record. (*Id.* at 6-14). Plaintiffs do not point to any new evidence or intervening change in the law. Their argument that I did not properly apply the law to the facts amounts to little more than a disagreement with my decision and is more appropriately reserved for an appeal. *See, e.g., McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citing *Dana Corp. v. United States,* 764 F. Supp. 482, 489 (N.D. Ohio 1991)). Binding Sixth Circuit precedent requires at least one factor to be met and, viewing the evidence identified by Plaintiffs in the light most favorable to them, I concluded none of the factors were met. Therefore, I deny Plaintiffs' motion on this ground as well.

Finally, Plaintiffs contend I improperly relied on my single employer conclusion to determine that Roppe also cannot be held liable under the joint employer theory. I previously stated:

> The joint-employer approach "'consider[s] whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees." *Harrison v. Soave Enters. L.L.C.*, 826 F. App'x 517, 522 (6th Cir. 2020) (quoting *Swallows*, 128 F.3d at 993). *See also Carrier Corp. v. N.L.R.B.*, 768 F.2d 778, 781 (6th Cir. 1985) (If "two or more employers exert significant control over the same employees – where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment – they constitute 'joint employers.'") (citation and quotation marks omitted). "The major factors in this determination are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Sanford* [*v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488 492 (6th Cir. 20011)](citation omitted).
>
> As I concluded . . . with respect to the single-employer control-over-labor-relations factor, Plaintiffs have not identified evidence in the record to demonstrate that Roppe has the authority to determine the essential terms of their employment.

> There is no evidence that Roppe has or shares the authority to hire, fire, or discipline Seneca Re-Ad employees, to set the terms of their compensation, or to direct or supervise their performance.

(Doc. No. 162 at 9).

Plaintiffs argue I "failed to consider Plaintiffs' evidence that Roppe determines essential terms of employment for people who work at Seneca Re-Ad." (Doc. No. 165 at 11). I disagree. I considered Plaintiffs' proffered evidence in the light most favorable to them when analyzing the control over labor relations factor of the single employer test and concluded that the same analysis demonstrated Plaintiffs had not identified a material fact from which a reasonable jury could find in their favor under the joint employer theory either.

I conclude Plaintiffs have not met their burden for relief under Rule 54(b) and deny their motion for reconsideration.

**B. MOTION FOR CERTIFICATION**

Rule 54(b) also provides that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

"Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). A court first "must 'expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case'[, and second] . . . 'the district court must expressly determine that there is no just reason to delay appellate review.'" *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Planned Parenthood Sw. Ohio Region*, 696 F.3d at 500) (further citations and quotation marks omitted by *Greene*).

I completed the first step of the certification process on October 20, 2025, when I granted Roppe's motion for summary judgment on all claims asserted against it. (Doc. Nos. 162 and 163).

To complete the second step, I consider "the following nonexhaustive list of factors" as instructed by the Sixth Circuit:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994) (quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (internal quotation marks and further citation omitted).

Plaintiffs contend I should conclude there is no just reason to delay an appeal of my summary judgment decision because "Roppe's liability under the single integrated enterprise or joint employer doctrines is unrelated to that of its co-defendants, there are no potential future developments at the district court level that would moot the need to review Roppe's dismissal, and Roppe's dismissal is a matter that need be reviewed only once." (Doc. No. 165 at 15-16). Plaintiffs also assert there are no other claims in the litigation that could result in a set-off and that "resolving Roppe's presence in the case sooner rather than later benefits all remaining parties, who agree that Roppe is central to [Plaintiffs'] theory of the case." (*Id.* at 16).

Roppe opposes Plaintiffs' motion, arguing Plaintiffs' claims against Seneca Re-Ad and the Seneca County Board of Developmental Disabilities ("SCBDD") "are not contingent on Roppe's participation in this case." (Doc. No. 166 at 12). Roppe concedes "there is little risk that the reviewing court would be required to consider the joint-employer and single enterprise issues twice," but it argues "there is a high likelihood" that these issues will be mooted if the remaining Defendants prevail on summary judgment or at trial. (*Id.* at 13).

I conclude Plaintiffs have shown there is no just reason for delay and certify my October 20, 2025 Memorandum Opinion and Order for appeal. On appeal now, the Sixth Circuit would review the threshold issue of whether I correctly concluded Roppe may not be held liable because it is not Plaintiffs' employer. The appellate court will not be required to consider that issue a second time because, as Roppe concedes, the liability of the remaining defendants is not dependent upon the threshold issue of whether Roppe may be held liable as Plaintiffs' employer. (*See* Doc. No. 166 at 12). But delaying an appeal could require the Sixth Circuit to consider the substance of Plaintiffs' discrimination claims twice.

If the appeal is delayed and Seneca Re-Ad and SCBDD prevail on Plaintiffs' claims against them, whether on summary judgment or at trial, and Plaintiffs then appeal, the Court of Appeals would consider my single- and joint-employer decision alongside the merits of Plaintiffs' claims against Seneca Re-Ad and SCBDD. If, at that time, the Sixth Circuit concludes I erred in granting Roppe's summary judgment motion and remands the case for further proceedings against Roppe, a subsequent summary judgment or trial outcome adverse to Plaintiffs could require the appellate court to again review the substantive question of whether Plaintiffs were discriminated against because of their disabilities.

Moreover, because the remaining Defendants' liability is not contingent upon Roppe, entry of judgment in favor of SCBDD and Seneca Re-Ad would not moot the single- and joint-employer issues.

Other factors weigh in favor of certification as well. There is significant overlap in the facts underlying Plaintiffs' claims against all Defendants, as those claims all arise from Plaintiffs' placement at Roppe's facility through their employment with Seneca Re-Ad and supervision by SCBDD. And there are no claims or counterclaims that might lead to a set-off.

I acknowledge immediate appellate review will delay the conclusion of this case at the trial court level, as the case will be stayed pending appeal. But I conclude that it is likely the overall time and cost savings achieved by avoiding a potential bifurcated merits determination would outweigh the costs associated with an immediate appeal.

Having considered the circumstances of this case in light of the Rule 54(b) factors identified by the Sixth Circuit, I conclude an interlocutory appeal is warranted and certify my October 20, 2025 summary judgment decision, (Doc. No. 162), for immediate appeal.

## V. CONCLUSION

For the reasons stated above, I deny the motion of Plaintiffs Pamela Steward, Ralph Magers, and Mark Felton for reconsideration of my decision granting Defendant Roppe Corporation's motion for summary judgment, and I grant Plaintiffs' motion to certify that decision for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 165).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge